## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO. 8:22-cv-02048

JANET MORRIS,
individually and
on behalf of all others similarly situated,                **CLASS ACTION**

      Plaintiff,                                          **JURY TRIAL DEMANDED**

v.

LINCARE HOLDINGS, INC.,

      Defendant.

_____/

### CLASS ACTION COMPLAINT

Plaintiff Janet Morris brings this class action against Defendant LINCARE HOLDINGS, INC., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2.    To promote its goods and services, Defendant engages in unsolicited text messaging, including to individuals who have registered their telephone numbers on the National Do-Not-Call Registry, and to those who have not

provided Defendant with their prior express written consent as required by the FTSA.

3.      Defendant also engages in telemarketing without the requisite policies and procedures and training required under the TCPA and its implementing regulations.

4.      Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5.      Through this action, Plaintiff seeks an injunction and statutory damages on behalf of Plaintiff and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6.      Plaintiff is, and at all times relevant hereto was, a citizen and resident of Clay County, Florida.

7.      Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

8.      Defendant is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

## JURISDICTION AND VENUE

9.    This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

10.    This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367.

11.    Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed telemarketing and/or advertising text messages into Florida. Specifically, Defendant initiated and directed the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida.  Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

12.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District

## **FACTS**

13.    Commencing in on or about September 21, 2020, Defendant sent prerecorded voice calls to Plaintiff's cellular telephone number, including the following:









5



14.    As demonstrated by the above message, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services.

15.    Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

16.    Plaintiff utilizes this cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line.

17.    Plaintiff's telephone number was registered on the National Do-Not-Call Registry for over 30 days prior to Defendant's first text message solicitation.

18.    Plaintiff was in Florida when Plaintiff received the above text message call, and Defendant's violative conduct occurred in substantial part in Florida.

6

19.    Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

20.    To send the messages, Defendant utilized a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of prerecorded messages.

21.    Defendant was not required to and did not need to utilize the Platform to send robocalls to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its message advertisements at a nominal cost to Defendant.

22.    Defendant would be able to conduct its business operations without sending robocalls to consumers.

23.    Defendant would be able to send robocalls to consumers, and in compliance with the FTSA, by securing the proper consent from consumers prior to sending messages.

24.    Defendant would be able to send robocalls to consumers without consent by utilizing calls with live operators instead of robocalls.

25.    Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of calling consumer leads.

26.    The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

27.    Compliance with the FTSA will not result in Defendant having to cease its business operations.

28.    Compliance with the FTSA will not result in Defendant having to alter the prices of any goods or services it provides in the marketplace.

29.    Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

30.    Because a substantial part of Defendant's FTSA violations occurred in Florida, requiring Defendant's compliance with the FTSA will not have the practical effect of regulating commerce occurring wholly outside of Florida.

31.    Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

32.    More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of prerecorded sales or marketing calls.

33.    Since July 1, 2021, on information and belief, Defendant sent at least 50 robocalls to as many consumers in Florida.

34.    Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## **CLASS ALLEGATIONS**

### **PROPOSED CLASSES**

35.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

**DNC Class**: **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during the eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

**TCPA Class: All persons within the United States who, within the four years prior to the filing of this Complaint, received more than one prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, regarding Defendant's property, goods, and/or services**.

**FTSA Class**: **All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**

36.    Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

37.    Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

38.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

39.    There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

(c) Whether Defendant maintains an internal do-not-call list and instructs its employees on how to use the list; and

(d) Whether Defendant is liable for damages, and the amount of such damages.

40.    The common questions in this case are capable of having common answers.  Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

41.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

42.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

43.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of 47 U.S.C. § 227(c) and 64.1200(c)
### (On Behalf of Plaintiff and the DNC Class)

45.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

48.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect

telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

51.    As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

## COUNT II
## VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff and the FTSA Class)

52.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

53.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or

dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

54.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

55.    "Prior express written consent" means an agreement in writing that:

1.  Bears the signature of the called party;

2.  Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.  Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.  Includes a clear and conspicuous disclosure informing the called party that:

    a.  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

56.    Defendant failed to secure prior express written consent from Plaintiff and the Class members.

57.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

58.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

59.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.   Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

60.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT III**
**Injunctive Relief Pursuant to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

61.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

62.    Pursuant to section 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting Defendant's unlawful conduct in the future to protect Plaintiff and the DNC Class members from Defendant's unsolicited calls and practices.

63.    Defendant's ongoing and continuing violations have caused, and in the absence of an injunction will continue to cause, harm to Plaintiff and the DNC Class members.

64.    Plaintiff and the DNC Class members will suffer irreparable harm if Defendants are permitted to continue their practice of violating 47 C.F.R. § 64.1200(c).

65.    The injuries that the Plaintiff and the DNC Class members will suffer if Defendant is not prohibited from continuing to engage in the unlawful practices described herein far outweigh the harm that Defendant will suffer if it is enjoined from continuing this conduct.

66.    The public interest will be served by an injunction prohibiting Defendant from continuing to engage in the unlawful practices described herein.

67.    Accordingly, Plaintiff and the DNC Class members seek an injunction requiring Defendant to regularly scrub its database of telephone numbers against the National Do-Not-Call Registry before sending any message solicitations.

68.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT IV**
**Injunctive Relief Pursuant to Fla. Stat. § 501.059(10)(a)**
**(On Behalf of Plaintiff and the FTSA Class)**

69.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

70.    Pursuant to section 501.059(10)(a), Plaintiff seeks injunctive relief prohibiting Defendant's unlawful conduct in the future to protect Plaintiff and the FTSA Class members from Defendant's unsolicited calls and practices.

71.    Defendant's ongoing and continuing violations have caused, and in the absence of an injunction will continue to cause, harm to Plaintiff and the FTSA Class members.

72.    Plaintiff and the FTSA Class members suffer irreparable harm if Defendant is permitted to continue its practice of violating the FTSA.

73.    The injuries that the Plaintiff and the FTSA Class members will suffer if Defendant is not prohibited from continuing to engage in the unlawful practices described herein far outweigh the harm that Defendant will suffer if it is enjoined from continuing this conduct.

74.    The public interest will be served by an injunction prohibiting Defendant from continuing to engage in the unlawful practices described herein.

75.    Accordingly, Plaintiff and the FTSA Class members seek an injunction requiring Defendant to implement policies and procedures to secure express written consent before engaging in any message solicitations, and to follow such consent requirements.

76.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## COUNT IV
## <u>Violation of 47 U.S.C. § 227(b)</u>
## (On Behalf of Plaintiff and the TCPA Class)

77.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

78.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any ...artificial or prerecorded voice to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

79.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call...using an... artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."    47 C.F.R. § 64.1200(a)(1)(iii).

80.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

81.    It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a

message without the prior express consent of the called party...." 47 U.S.C. § 227(b)(1)(B).

82.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

83.    Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

84.    Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

85.    Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

86.    As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the FTSA and/or TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA and TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

DATED: September 6, 2022

Respectfully Submitted,

**DAPEER LAW, P.A.**

*/s/ Rachel Dapeer*
Rachel Dapeer
Florida Bar No. 108039
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
T: 305-610-5223
*rachel@dapeer.com*

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713