UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET MORRIS, individually
and on behalf of all others
similarly situated,

        **Plaintiff,**

v.                                 **Case No. 8:22-cv-2048-CEH-AAS**

LINCARE INC.,

        **Defendants.**
_____/

## ORDER

Defendant Lincare, Inc. (Lincare) moves to stay discovery pending the court's ruling on the defendants' motion to dismiss. (Doc. 40).  Plaintiff Janet Morris responds in opposition. (Doc. 43).

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 Fed. Appx. 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness."

*Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of the defendants' motion to dismiss is that the plaintiff fails to state a claim. *See* (Doc. 20). Without remarking on the merits of the defendants' motion, the court finds good cause for a temporary stay of discovery. The defendants' motion to dismiss presents a nonfrivolous challenge to the plaintiff's claims, the resolution of which may also affect the court's jurisdiction over this matter. Although such a stay will delay the plaintiff's efforts to obtain discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines it the plaintiff lacks standing to bring this action.

Accordingly, the defendants' motion to stay discovery (Doc. 40) is **GRANTED**. Discovery is **STAYED** pending the court's ruling on the

defendants' motion to dismiss (Doc. 20). Because discovery is stayed, Ms. Morris's motion to compel (Doc. 35) is **DENIED as moot**.

   **ORDERED** in Tampa, Florida on April 26, 2023.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge