# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JANET MORRIS,

    Plaintiff,

v.                                                      Case No: 8:22-cv-2048-CEH-AAS

LINCARE, INC.,

    Defendant.

_____/

## ORDER

In this putative class action, Plaintiff Janet Morris sues Defendant Lincare, Inc. for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). This matter is before the Court on the Defendant's Motion to Dismiss and Motion to Strike Amended Class Action Complaint (Doc. 20). In the motion, Defendant requests dismissal of Plaintiff's Amended Complaint and/or to strike any references to unverified, unsubstantiated complaints from anonymous individuals. Plaintiff filed a response in opposition (Doc. 21), and Defendant replied (Doc. 26). The Court, having considered the motion and being fully advised in the premises, will dismiss Plaintiff's Amended Complaint as a shotgun pleading and grant Plaintiff leave to file a Second Amended Complaint. Accordingly, Defendant Lincare Inc.'s Motion

to Dismiss and Motion to Strike Amended Class Action Complaint will be denied without prejudice.

## I. BACKGROUND[1]

### A. Factual Background

Plaintiff Janet Morris ("Plaintiff") is a Florida citizen and a "called party" of Lincare Inc. ("Defendant"). Doc. 14 ¶¶ 5–6. As alleged in the Amended Complaint, Defendant engages in unsolicited robocalling in violation of the TCPA and FTSA in an effort to promote its goods and services. *Id.* ¶ 2. Beginning in September 2020, Defendant "sent unsolicited and unconsented to pre-recorded voice calls" ("robocalls") (*id.* ¶ 14), to Plaintiff's cellphone to "encourage or invite Plaintiff to purchase supplies from Defendant and advertise the commercial availability of Defendant's supplies." *Id.* ¶ 17. Defendant contacted Plaintiff's cellphone (*id.* ¶ 18); and because Plaintiff "utilizes her cell[phone] . . . as her home phone," Plaintiff considers her cellphone number to be her residential telephone line. *Id.* ¶ 19.

Plaintiff's cellphone telephone number was registered on the National Do-Not-Call Registry for over 30 days prior to Defendant's first robocall. *Id.* ¶ 20. Defendant utilizes a software platform ("the Platform"), which permitted Defendant to transmit pre-recorded advertising messages to Plaintiff and the other members of the class. *Id.* ¶ 23. Defendant opted to use the Platform to maximize the reach of its message advertisements at a nominal

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 14), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

2

cost to Defendant. *Id.* ¶ 24. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number. *Id.* ¶ 34. Plaintiff alleges that since July 1, 2021, Defendant is believed to have sent at least 50 robocalls to as many consumers in Florida. *Id.* ¶ 39.

B. **Procedural Background**

In a three-count Amended Complaint, Plaintiff sues Defendant under federal and Florida law. Doc. 14 ¶ 1. In her Amended Complaint, Plaintiff asserts the following causes of action against Defendant: violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (Count I); violation of Florida Statute § 501.059 (Count II); and injunctive relief pursuant to Florida Statute § 501.059(10)(a) (Count III).

Plaintiff sues Defendant in Count I for violating §§ 227(b)(1)(A)(iii) and 227(b)(1)(B) of the TCPA. Plaintiff seeks $500.00 in damages for each violation, as well as an injunction against future calls. In Count II, Plaintiff alleges that Defendant's robocalls violated § 501.059(8)(a) of the FTSA. *Id.* ¶ 63. For the alleged violations, Plaintiff requests a minimum of $500.00 in damages for each violation and an injunction against future calls. *Id.* ¶ 68. In Count III, Plaintiff seeks injunctive relief under § 501.059(10(a) for Defendant's "ongoing and continuing violations" of the FTSA.

Defendant moves to dismiss and strike the Amended Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). Doc. 20. Regarding Plaintiff's TCPA claims in Count I, Defendant argues that its health-care related messages are exempt from the TCPA, do not violate the provisions that relate to

3

residential lines as Plaintiff only alleges her cellphone was called, and are not advertisements or telemarketing violative of the TCPA. Defendant further argues that Plaintiff fails to allege the immediate threat of future harm to justify injunctive relief.

As for Counts II and III, Defendant argues that the voicemails referenced are not violative of the FTSA as they do not qualify as solicitations. Defendant next argues that Plaintiff's claims fail because she did not suffer actual damages as required under Fla. Stat. § 768.734. Lastly, Defendant contends that, at a minimum, the Court should strike the allegations in paragraph 12 that consist of unverified, unsubstantiated complaints from anonymous individuals.

Responding in opposition to Defendant's motion to dismiss, Plaintiff argues that Defendant's messages are not exempt "health-care messages," but even if they were, the TCPA still requires express (albeit not written) consent, which is lacking here. Doc. 21. Considering the allegations of the Amended Complaint, which the Court must accept as true for purposes of the instant motion, Plaintiff urges the Court to deny the motion to dismiss because the calls are not exempt under the "Health Care Rule," and Plaintiff alleges there was no express consent. Finally, Plaintiff contends that Defendant fails to proffer a valid reason for the Court to strike the allegations in paragraph 12 of the Amended Complaint. Defendant replied, arguing the language of the incorporated voicemails belie Plaintiff's argument that they are not exempt health-care related messages. Doc. 26.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.  DISCUSSION

The TCPA is codified under Title 47 of the U.S. Code and is enforced by the Federal Communications Commission ("FCC"). *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2352 (2020). The FCC enforces the TCPA by prescribing and implementing regulations under Title 47 of the Code of Federal Regulations ("CFR"). *Id.* at 2344 n.1. In Plaintiff's Amended Complaint, she cites to both the statute and its related regulations.

In Count I Plaintiff alleges that Defendant violated § 227(b)(1)(A)(iii), which prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any . . . artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii). Doc. 14 ¶ 52. The implementing regulation promulgated by the FCC similarly bans "any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . [t]o any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

In Count I, Plaintiff also sues Defendant for violating § 227(b)(1)(B), which makes it a violation of the TCPA "to initiate any telephone call to any *residential telephone line* using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(B) (emphasis added).

### A. Shotgun Pleading

As a threshold matter, the Court will dismiss the Amended Complaint, with leave to amend, because it is a shotgun pleading. A shotgun pleading is a "complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted).

The Eleventh Circuit has identified four general types of shotgun pleadings and each one "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Relevant here, a complaint that does "not separate into a different count each cause of action or claim for relief" is a shotgun pleading. *Id.* at 1323. When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require that the district court sift through allegations in an attempt to separate the meritorious claims from the unmeritorious which results in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

In Count I of the Amended Complaint, Plaintiff sues Defendant for violations of §§ 227(b)(1)(A)(iii) and 227(b)(1)(B) of the TCPA and their related regulations. In general, the first provision bars robocalls to a cell phone while the second prohibits such calls to a residential line. To the extent that Plaintiff intends to sue Defendant for

7

these two statutory violations, they are separate causes of action that must be pleaded in separate counts. Accordingly, the Court will dismiss the Amended Complaint without prejudice and with leave to amend to correct the defect. Although this conclusion moots the motion to dismiss, the Court will address some of the other grounds of Defendant's motion to facilitate the orderly progression of this case. *See, e.g., zIT Consulting GmbH v. BMC Software, Inc.*, No. 6:15-CV-1012-RBD-KRS, 2016 WL 231215, at *2 n.4 (M.D. Fla. Jan. 15, 2016).

      **B.**    **Residential Phones and Cell Phones are Distinct**

It is worth noting that courts use "home phone" and "residential telephone" to refer to the TCPA's language "residential telephone line." While these terms are used by courts interchangeably, they are distinct from cell phones. *See, e.g., Barr v. Am. Ass'n of Political Consultants*, 140 S.Ct. 2335, 2345 n.3 (2020) ("Plaintiffs have not challenged the TCPA's separate restriction on robocalls to home phones. *See* 47 U.S.C. §227(b)(1)(B)"); *Turizo v. Subway Franchisee Adver. Fund Trust Ltd.*, 603 F. Supp. 3d 1334, 1340 (S.D. Fla. 2019) ("The TCPA clearly draws a distinction between cellular telephones and residential telephones. Compare 47 U.S.C. § 227(b)(1)(A)(iii) . . . with *id*. § 227(b)(1)(B)"); *Sliwa v. Bright House Networks, LLC*, No. 2:16-cv-235-JES-MRM, 2016 WL 3901378, at *2 n.2 (M.D. Fla. July 19, 2016) ("section 227(b)(1)(B) prohibits calls to residential telephone lines, not cell phones").

As raised by Defendant, Plaintiff appears to only be claiming that calls were made to her cell phone. While Plaintiff alleges she uses her cell phone as a residential line, the statute and case law make clear they are not one in the same. Perhaps,

tellingly, Plaintiff's response to the motion to dismiss does not specifically address that cell phones and residential lines are different. Thus, in amending her complaint, Plaintiff should be mindful that calls to a cell phone that are violative of the TCPA are addressed under § 227(b)(1)(A)(iii), whereas calls to a residential line are properly brought in a separate count under § 227(b)(1)(B). If no calls were made to a residential line, no claim should be brought under the latter provision.

### C. The Health Care Exception Requires At Least Express Consent

Defendant claims that since its calls are "inarguably health related," the Health Care Rule exempts Defendant from needing to acquire any type of consent before contacting consumers. Doc 20 at 9. Plaintiff argues she has pleaded sufficient facts to support that the calls do not fall within the Health Care exemption. Such factual disputes may not be resolved on a motion to dismiss. But even if the calls were health-care related to invoke the exemption, courts in this Circuit have recognized that "[t]he Health Care Rule require[s] prior express consent." *Coleman v. Rite Aid of Ga., Inc.*, 284 F. Supp. 3d 1343, 1348 (N.D. Ga. 2018). Plaintiff alleges that no express consent was given. In a light favorable to the Plaintiff, the Health Care Rule would not bar Plaintiff's TCPA claims on these allegations.

### D. An Injunction is Not a Cause of Action; It is a Remedy.

In Count III, Plaintiff requests an injunction as an independent claim for relief. Defendant complains that Plaintiff's claim fails because the voice mails do not qualify

as solicitations under the FTSA.[2] Count III fails for a more fundamental reason: an injunction is not a cause of action, but a remedy.[3] *See, e.g., Rodriguez v. City of Laredo*, No. 5:06–cv–175, 2007 WL 2329860, at *1 n. 1 (S.D. Tex. Aug. 13, 2007). Although Defendant does not raise this issue, the Court will address it in the interest of judicial efficiency.

The Eleventh Circuit is clear that "any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (citation and internal quotation marks omitted); *see also Blue Water Innovations, LLC v. Fettif*, 18-60671-CIV, 2019 WL 1904589, at *2 (S.D. Fla. Mar. 8, 2019) (dismissing claim for injunctive relief with prejudice because injunctive relief is not an independent cause of action). Plaintiff alleges that Defendant violated sections of the FTSA and requests an injunction pursuant to § 501.059(10)(a) of the FTSA. Doc. 14 ¶ 71. In so doing, Plaintiff requests the injunction as an independent claim for relief in Count III. *Id*. Since "injunctive relief cannot be pled as an independent claim for relief" and "there is no such thing as a suit for a traditional injunction in the abstract," Count III is due

---

[2] To the extent Defendant makes this argument regarding Count II, the Court is unpersuaded as Defendant argues factual disputes not appropriate for consideration on a motion to dismiss where the Court must accept the Plaintiff's well-pleaded allegations as true.

[3] *See, e.g., Rodriguez v. City of Laredo*, No. 5:06–cv–175, 2007 WL 2329860, at *1 n. 1 (S.D.Tex. Aug. 13, 2007); *Abboub v. Int'l Bus. Machs. Corp.*, No. C 04–00017 JW, 2006 WL 905319, at *9 (N.D.Cal. Apr. 7, 2006); Minn. Indus. Ventures, L.L.C. v. City of Roseville, No. Civ. 052488RHKJSM, 2006 WL 763208, at *5 n. 4 (D.Minn. Mar. 24, 2006); Booth v. Quantum3D, Inc., No. C–04–5376 EMC, 2005 WL 1512138, at *4 (N.D.Cal. June 15, 2005).

to be dismissed with prejudice. *See Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1379 (S.D. Fla. 2019). To the extent that Plaintiff seeks injunctive relief, she should request such relief as a remedy in the statutory cause of action.

      E.    **Striking Allegations Under Rule 12(f)**

Defendant requests this Court strike paragraph 12 of the Amended Complaint under Fed. R. Civ. P. 12(f) because the allegations consist of anonymous, unverified on-line message postings that are prejudicial to Defendant. Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Anonymous, unverified and prejudicial are not the basis for striking of allegations under Rule 12(f). Moreover, a court will not strike allegations in a complaint merely because a defendant disputes the veracity of the allegations.[4] *See Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 575 (M.D. Fla. 1993) (finding "allegations in a complaint cannot be stricken simply because a defendant challenges their factual basis"). Defendant also claims that the allegations are irrelevant. The Court disagrees that such allegations are irrelevant to the extent that Plaintiff alleges that such on-line complaints were directed at the conduct of this Defendant. In any event, relevancy is not a basis for the extreme sanction of striking

---

[4] Of course, Rule 11 must always serve as a guide for attorneys drafting a complaint.

11

allegations under Rule 12(f). Whether such on-line comments are ultimately admissible, however, is a separate issue for another day.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint is dismissed as a shotgun pleading. Plaintiff may file a Second Amended Complaint within fourteen (14) days that cures the pleading and other deficiencies discussed herein.

2. Defendant Lincare's Motion to Dismiss and Motion to Strike Amended Class Action Complaint (Doc. 20) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on August 18, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any