# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CASE NO. 8:22-cv-02048-CEH-AAS

JANET MORRIS,
individually and
on behalf of all others similarly situated,

**CLASS ACTION**

      Plaintiff,

**JURY TRIAL DEMANDED**

v.

LINCARE, INC.,

      Defendant.
_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Janet Morris brings this class action against Defendant Lincare, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2.     Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages)." *Drazen v. Pinto*, 29 Fla. L. Weekly Fed. C2763, n.5 (U.S. 11th Cir. July 24, 2023).

1

3.	To promote its goods and services, Defendant engages in unsolicited robocalling in violation of the TCPA and FTSA.

4.	In this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. *See Drazen*, 29 Fla. L. Weekly Fed. C2763 at 4.

## PARTIES

5.	Plaintiff is, and at all times relevant hereto was, a citizen and resident of Clay County, Florida.

6.	Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

7.	Defendant is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

## JURISDICTION AND VENUE

8.	This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

9.	This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367.

10.     Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising robocalls into Florida. Specifically, Defendant initiated and directed the transmission of unsolicited robocalls to Plaintiff's cellular telephone number to sell goods, services or products in Florida. Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

12.     Defendant engages in aggressive and intrusive telemarketing to generate revenue, and there is no shortage of on-line consumer complaints about Defendant's robocalls dating back for years. The following is just a small sampling of those complaints:[1]

---

[1] www.callercenter.com/888-544-2715.html/2;     (last visited Nov. 2, 2022) and 800notes.com/Phone.aspx/1-888-544-2715; (last visited Nov. 3, 2022).

**Caller name: Medical Supply Company ( ?)**

**Caller type: Telemarketer**

❝ Calling for CPAP supplies. Leaves numerous messages EVERY business day.

- Norb Krzak
🇺🇸 Mississippi

**Was this comment helpful?**  Yes  No                    [Reply]  October 30, 2022

---

**Caller name: Medical Supply Company ( ?)**

**Caller type: Scammer/Fraudster**

❝ Does not identify caller, says medical supplies are "ready to be ordered" so it is a spam call trolling for business. Annoying and persistent.

- Anonymous
🇺🇸 California

**Was this comment helpful?**  Yes  No                    [Reply]  September 21, 2022

---

**Caller type: Telemarketer**

❝ The recording said medical supplies were due to be ordered, but I have none and this was clearly a nuisance call and fishing for a return call from me.

I hope i can block the number.

- Anonymous
🇺🇸 Nebraska

**Was this comment helpful?**  Yes  No                    [Reply]  August 3, 2022

**Caller name: Lincare Or Their Agent**

**Caller type: Scammer/Fraudster**

66 Receive numerous calls everyday. Robocall asking for personal information to verify my identity. Suspect calls to be fraudulent.

   - Anonymous
   🇺🇸 North Carolina

**Was this comment helpful?**  Yes  No                    [Reply]  July 23, 2022

---

**Caller type: Unknown**

66 Says it's my medical supply company, but doesn't give a name. Calls at least once a day, very annoying.

   - Anonymous
   🇺🇸 Connecticut

**Was this comment helpful?**  Yes  No                    [Reply]  May 4, 2022

---

**Caller name: Medical Supply Company ( ?)**

**Caller type: Unknown**

66 I don't use a Medical Supply Co. yet I receive this call every day, sometimes twice in the same day and it leaves a message.

   - Anonymous
   🇺🇸 New Jersey

**Was this comment helpful?**  Yes  No                    [Reply]  February 17, 2020

---

**Caller name: Medical Supply Company ( ?)**

**Caller type: Unknown**

66 Annoying, annoying, annoying. They call everyday, leave voicemails and will not stop calling until you call them back. I have requested to be put on the do not call list. Let's see how long that lasts.

   - Anonymous
   🇺🇸 Virginia

**Was this comment helpful?**  Yes  No                    [Reply]  January 29, 2020

**Caller name: Medical Supply Company ( ?)**

**Caller type: Appointment Reminder**

❝ VM says "this is a friendly reminder that your CPAP supplies are ready for pickup. I use a CPAP but my provider does not know about these calls THIS IS FRAUD

    - Anonymous
    🇺🇸 Delaware

Was this comment helpful?   Yes   No                 [Reply]   December 13, 2019

---

**Caller name: Medical Supply Company ( ?)**

**Caller type: Scammer/Fraudster**

❝ I don't have any business with this company and they call every day. I'm on the Do Not Call list for my state.
888 544 2715
This is a harrassing phone call.

    - Dean McElhaney
    🇺🇸 Texas

Was this comment helpful?   Yes   No                 [Reply]   August 25, 2018

---

**Caller name: Medical Supply Company ( ?)**

**Caller type: Telemarketer**

❝ This company DID NOT get my permission to call me what so ever and called at 7:34am (PST) and 8:09 am on March 31st (PST). There is NO do not call option, there is NO ability to opt out and this number has been blocked to abuse of the TCPA federal rules

    - Kim Bailey
    🇺🇸 Arizona

Was this comment helpful?   Yes   No                 [Reply]   March 31, 2018

**Caller name: Medical Supply Company ( ?)**

**Caller type: Telemarketer**

❝ They call me EVERY DAY. And I want it to STOP

- 715-268-7866
🇺🇸 Wisconsin

**Was this comment helpful?** Yes  No                    [Reply]  March 2, 2018

---

**Peggy**
24 May 2022                                     👎  0  👍

Called repeatedly.  Finally told them that my husband had died.

*Caller: Lincare*
*Call type: Scam suspicion*

Reply   !

---

**gfp**
8 Dec 2020                                      👎  +1  👍

CPAP supplies...  They cell often call with "UNKNOWN" in caller ID.  Promise CPAP supplies which Medicare will pa yfor.  Then they bill you about 6 months late. I can get the supplies cheaper on Amazon.

*Caller: Lincare*
*Call type: Telemarketer*

Reply   !



**SM**
27 Jul 2020

👎 +1 👍

They have called 3 times in the last week. My supplies from my company come automatically at designated replacement times. I have never had them call me about supplies. This caller (your medical supply company) gives their number at least 4 times every time they call and leave a voicemail. When the call comes in, it's identified on my phone as Potential Spam. I don't answer.

*Caller: Your medical supply company*

Reply | !



**Charlie Brown**
19 Sep 2019

👎 0 👍

Lincare is a medical device supplier, mostly for CPAP sleep apnea supplies. They bought American Home Patient several years ago and assumed AHP's customer phone list. Before they were bought, AHP informed me that they would no longer service my area, so I switched suppliers. Then I started getting automated calls from Lincare, whom I've never done business with. I called the number back and they said that they would remove me from their system. We'll see.

*Caller: Lincare (formerly American Home Patient)*
*Call type: Valid*

Reply | !



**Sylvia Lincecum**
11 May 2019

👎 0 👍

Nice message reminder that my supplies were ready to be picked up. No idea which company was calling or what supplies. I do use a cpap but ALWAYS call in my own order. Very irritating that they don't say the company calling!

*Caller: Lincare*
*Call type: Valid*

Reply | !



**Annon** replies to <u>Anonymous</u>
2 Aug 2018

I've gotten multiple calls from them. They don't ask for any specific person. Only say it's time to order your medical supplies. My caller ID stats it's LINCARE calling.

Reply     !

13.     Consistent with its aggressive marketing practices, Defendant harassed Plaintiff with robocalls, the purpose of which was to promote and advertise the commercial availability of Defendant's goods and services.

14.     Specifically, commencing in on or about September 21, 2020, Defendant sent unsolicited and unconsented to prerecorded voice calls to Plaintiff's cellular telephone number, including the following:



9



4:21

Voicemail **Blocked**  Delete All

+1 (904) 257-7679    3/16/21
Baldwin, FL           00:32

+1 (904) 257-7679    3/15/21
Baldwin, FL           00:34

**Sleep Co**
phone
November 23, 2020 at 9:01 AM

0:07                  −0:47

Transcription
"This is a friendly reminder from your medical supply company to inform you that your supplies are ready to be ordered please return our call at 888-544-2715 Monday

Favorites  Recents  Contacts  Keypad  Voicemail



3:27

Voicemail **Blocked**  Delete All

**Sleep Co**          8/3/21
phone                 00:35

July 6, 2021 at 2:40 PM

0:00                  −0:35

Transcription
"This is a message from the CPAP supplies center if you are needing new or different supplies or have questions or concerns about your existing supplies please call us so we may assist you we may be reached at 888-544-2715 this is a message from the CPAP

+1 (904) 257-7679    5/3/21
Baldwin, FL           00:43

Favorites  Recents  Contacts  Keypad  Voicemail

10





15.     Upon listening to the messages, Plaintiff was easily able to determine that they were prerecorded and not a live person speaking.

16.     Contrary to the representations made in some of the messages, Defendant is not Plaintiff's "medical supply company" and Plaintiff was not in need of any supplies from Defendant. In other words, Defendant's calls were not about care, services, need, or supplies related to the health of Plaintiff.

17.     As demonstrated by the above message, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services. Specifically, the purpose of the calls was to encourage or invite Plaintiff to purchase supplies from Defendant and advertise the commercial availability of Defendant's supplies.

18.     Plaintiff is the regular user of the cellular telephone number that received the above telephonic sales calls.

19.     Plaintiff was in Florida when she received the above robocalls, and Defendant's violative conduct occurred in substantial part in Florida.

20.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

21.     Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

22.     More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of prerecorded sales or marketing calls.

23.     Plaintiff never provided Defendant with express consent or permission to contact her with prerecorded message calls on her cellular telephone.

24.     Plaintiff never provided Defendant with any type of consent or permission to contact her with prerecorded message calls on her cellular telephone.

25.     Plaintiff never provided her telephone number to Defendant.

26.     Given the high volume of consumer complaints discussed above, Plaintiff is informed and believes that Defendant engages in mass robocalling without any type of consent from the recipients of its calls.

27.     Since July 1, 2021, on information and belief, Defendant sent at least 50 robocalls to as many consumers in Florida.

28.     Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including liquidated actual damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

29.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

**TCPA Class**: **All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls regarding Defendant's property, goods, and/or services on their cellular telephone line.**

**FTSA Class**: **All persons in Florida who, since July 1, 2021 through the date of class certification, received one or more prerecorded telephonic sales call regarding Defendant's property, goods, and/or services on their cellular telephone line.**

30.     Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

31.     Upon information and belief, Defendant has placed prerecorded telephonic sales calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.     Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

33.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

> (a) Whether Defendant initiated prerecorded calls telephonic sales calls to Plaintiff and the Class members;

> (b) Whether Defendant initiated telephonic sales calls to Plaintiff and the

14

Class members;

(c) Whether Defendant can meet its burden of showing that it had consent to make such calls;

(d) Whether Defendant is liable for damages, and the amount of such damages.

34.     The common questions in this case are capable of having common answers.  Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

TYPICALITY

35.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

PROTECTING THE INTERESTS OF THE CLASS MEMBERS

36.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

SUPERIORITY

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's

wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227 AND 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the TCPA Class)**

39.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs   1 through 38 as if fully set forth herein.

40.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

41.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party

is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

42.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

43.    Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

44.    Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

45.    Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

46.    Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

47.    As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II
## VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff and the FTSA Class)

48. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

49. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

50. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

51. "Prior express written consent" means an agreement in writing that:

1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a

telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

     a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

     b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

52.    Defendant failed to secure prior express written consent from Plaintiff and the Class members.

53.    In violation of the FTSA, Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members utilizing recorded messages without the prior express written consent of the called party.

54.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

55.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of liquidated actual damages of $500 per call for Plaintiff and each member of the Classes as applicable under the FTSA and/or TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA and TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: August 18, 2023

Respectfully Submitted,

**DAPEER LAWP.A.**
Rachel Dapeer
Florida Bar No. 108039 20900
NE 30th Ave., Suite 417
Aventura, FL 33180
T: 305-610-5223
*rachel@dapeer.com*

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.*
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301 Email:
mhiraldo@hiraldolaw.com Telephone:
954.400.4713
***Lead Counsel for Plaintiff**