UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET MORRIS,

    Plaintiff,

v.                                                          Case No: 8:22-cv-2048-CEH-AAS

LINCARE, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant Lincare Inc.'s Motion to Stay Discovery, or Alternatively, to Bifurcate Discovery (Doc. 64). In this putative class action, Plaintiff Janet Morris, sues Defendant, Lincare, Inc. for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA") for sending unsolicited and unconsented to prerecorded voice calls to Plaintiff's cellular telephone number. Defendant's motion requests the Court stay discovery pending a ruling on Defendant's Motion to Dismiss Second Amended Class Action Complaint. Alternatively, Defendant requests the Court bifurcate discovery to allow the parties to address first the merits of Plaintiff's claim and thereafter, if necessary, conduct discovery related to the putative class claims. Plaintiff opposes the motion. Doc. 72. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Stay Discovery, or Alternatively, to Bifurcate Discovery.

## DISCUSSION

In its motion, Defendant seeks to stay, or alternatively bifurcate, discovery because it argues that until the merits of Plaintiff's individual claims are adjudicated, which Defendant submits will likely be resolved on one or more narrow legal issues involving consent or failure to state a claim, Defendant should not be burdened with costly and potentially unnecessary class discovery. Plaintiff responds in opposition denying she gave consent to Defendant's robocalls and further arguing that Defendant has failed to demonstrate that discovery would be overly burdensome.

### A.   Stay of Discovery

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). In this District, the pendency of a motion to dismiss normally will not justify a stay of discovery pending the Court's resolution of the motion to dismiss. *See* Middle District Discovery (2021) at Section I.E.4; *see also, e.g.*, *In re Winn Dixie Stores, Inc. Erisa Litig.*, 3:04-cv-194-VMC-MCR, 2007 WL 1877887, *2 (M.D. Fla. June 28, 2007).[1] Indeed, "a stay of discovery pending the resolution of a

---

[1] Although the Eleventh Circuit in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on

2

motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, *1 (M.D. Fla. Apr. 5, 2021). "Such motions for stay are rarely granted"—only "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that the action will be dismissed in its entirety. *McCrimmon v. Centurion of Fla., LLC*, 3:20-cv-36-BJD-JRK, 2020 WL 6287681, *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movant must show the necessity, appropriateness, and reasonableness of the proposed stay. *Id.* at *1.

Here, Lincare fails to show that unusual circumstances justify the requested stay, that prejudice or an undue burden will result if the Court does not impose a stay,

---

a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-EAK-EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

or that a stay is reasonable and necessary in this action. As Plaintiff points out, Defendant's claim of burdensomeness is unsubstantiated. Moreover, the pendency of the motion to dismiss, by itself, does not supply good cause or reasonableness for the requested stay. *See* Middle District Discovery (2021) at Section I.E.4. Finally, a preliminary peek at the motion does not demonstrate an immediate and clear possibility that the Court will dismiss the action with prejudice at this stage of the proceedings. *See McCrimmon*, 2020 WL 6287681 at *2. Defendant's motion seeks to rely on documents outside the four corners of the complaint which, to the extent disputed as they are here, are better addressed at the summary judgment stage on a more complete record after the parties have the opportunity to engage in discovery.

While the Court does not express an opinion on the ultimate merits of Defendant's Motion to Dismiss Second Amended Class Action Complaint, the Court is not convinced, upon a preliminary review, that Plaintiff's allegations cannot state a cause of action under the TCPA. Therefore, Defendant has not established adequate grounds for a stay of discovery. Because Defendant has not satisfied the high standard required to stay discovery pending resolution of a dispositive motion, the motion to stay is due to be denied. Having balanced the harm produced by a delay in discovery against the possibility that the Court will grant the motion to dismiss, the Court will deny the request to stay discovery.

### B. Bifurcate Discovery

Defendant alternatively requests the Court bifurcate discovery. The Court's broad discretion over the management of pre-trial activities extends to the ability to

bifurcate discovery between issues pertaining to class certification and the merits. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992). Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). Nonetheless, "courts may also decline to exercise that discretion." *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, *8 (S.D. Fla. July 3, 2014).  Courts have declined to bifurcate discovery where the issues to be raised in the proposed phases are so intertwined that it would not be in the interest of judicial economy to conduct discovery on them separately. *See, e.g.*, *Tillman v. Ally Fin., Inc.*, 2:16-cv-313-JES-CM, 2016 WL 9504326, *3 (M.D. Fla. Oct. 12, 2016) (declining to bifurcate discovery because "the issues cannot be divided into separate discovery categories"); *Lakeland Regional Med. Ctr., Inc. v. Astellas US, LLC*, 8:10-cv-2008-VMC-TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (Covington, J.) (same, because "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); *cf. Methelus v. School Bd. of Collier Cnty.*, 2:16-cv-379-DNF, 2016 WL 8539815, *2 (M.D. Fla. July 21, 2016) (recommending bifurcation of discovery where "the nature and scope of the claims in the case and the challenge to standing must be determined before any ruling on class certification would be appropriate"); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, *2 (S.D. Fla. Nov. 27, 2012) (permitting bifurcation where defendant "made a plausible argument that it may be able to prevail on the merits against Plaintiff's individual claims"). The "general practice in the Middle District of

Florida is not to bifurcate discovery." *Davis v. Coastal Dental Servs., LLC*, 8:22-cv-941-KKM-TGW, 2022 WL 4553071, *1 (M.D. Fla. Sept. 1, 2022).

Here, the Court declines to exercise its discretion to bifurcate discovery. As explained in *Lakeland Regional*, the distinction between merits and class issues is often "murky at best, and impossible to discern at worst." 2011 WL 486123 at *2. The Court is not persuaded that the class and merits issues in this action are unusually distinct, such that there would be little to no overlap between the phases of discovery. Indeed, the issue of consent and method of obtaining purported consent is relevant to the Plaintiff as well as the class. In short, the circumstances do not warrant a deviation from this District's general practice of disfavoring bifurcation. *See Davis*, 2022 WL 4553071 at *1. Defendant's alternative request to bifurcate discovery is due to be denied for the same reasons. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Stay Discovery, or Alternatively, to Bifurcate Discovery (Doc. 64) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 17, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any