UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET MORRIS,

    Plaintiff,

v().                                                                       Case No: 8:22-cv-2048-CEH-AAS

LINCARE, INC.,

    Defendant.
_____/

**O R D E R**

This matter comes before the Court on Defendant Lincare, Inc.'s Unopposed Motion to File Exhibit "A" to Motion to Dismiss Second Amended Class Action Complaint Under Seal (Doc. 56). In the motion, Defendant requests it be permitted to file under seal Exhibit "A" to its motion because the exhibit consists of patient health records that constitute protected health information (PHI) subject to the Health Insurance Portability and Accountability Act (HIPAA) and because the document is subject to the parties' Confidentiality Agreement. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Unopposed Motion to File Exhibit "A" to Motion to Dismiss Second Amended Class Action Complaint Under Seal. To the extent that Defendant wants to file the Exhibit in conjunction with the Court's consideration of its motion to dismiss, Defendant may file a redacted version of Exhibit "A" that redacts any PHI.

## DISCUSSION

In relevant part, the Middle District of Florida's Local Rules state, "[b]ecause constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a). Defendant moves to file under seal Exhibit "A" to its Motion to Dismiss Second Amended Complaint. Doc. 56. In support, Defendant submits that Exhibit "A" is a patient disclosure form signed by the Plaintiff that contains personal health information (PHI) that should not be disclosed to the public.

HIPAA prohibits covered entities from using or disclosing protected health information. *Opis Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1295 (11th Cir. 2013) (citing 45 C.F.R. § 164.502). Additionally, Rule 5.2(a) recognizes that certain information, including social security numbers, birthdates, names of minors, and financial account information, should be redacted. Fed. R. Civ. P. 5.2(a). Notwithstanding those limited examples, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the

party's interest in keeping the information confidential. *See id*. (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

Defendant submits that the document is necessary for the Court's consideration of the pending motion to dismiss because it evidences Plaintiff's prior express consent impacting Plaintiff's claims under the TCPA. Defendant further contends that sealing is necessary because of the PHI contained within the document as well as the document being subject to the parties' confidentiality agreement. Defendant requests the document be sealed indefinitely.

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *Romero*, 480 F.3d at 1245 (citing *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1312 (11th Cir. 2001)). While Defendant's argument regarding the need to maintain the confidentiality of Plaintiff's PHI is well-taken, Defendant fails to provide sufficient reasons why the entire document needs to be sealed. In arguing that the Exhibit must be sealed, Defendant repeatedly refers to the fact that it is subject to the parties' confidentiality agreement. Doc. 56 ¶¶ 4–7, 11, 13.  However, "[t]he parties' mutual

agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (Whittemore, J.) (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Indeed, the Local Rules make clear that sealing "is not authorized by a confidentiality agreement, . . . a designation of confidentiality, or a stipulation." M.D Fla. Local Rule 1.11(a). Moreover, the purported need for the Court to review the Exhibit, notwithstanding the inclusion of any confidential information, does not sufficiently explain the necessity of sealing. Thus, Defendant's request to file Exhibit "A" under seal lacks good cause and is due to be denied to the extent it seeks to seal the entire document when less restrictive means are available. Other than stating the document is subject to the parties' confidentiality agreement, Defendant fails to demonstrate why redaction of the PHI, rather than sealing the entire document, would not suffice.

The Court is cognizant that the Motion is unopposed, but the Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-RBD-JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted).

Accordingly, it is

**ORDERED**:

1. Defendant's Unopposed Motion to File Exhibit "A" to Motion to Dismiss Second Amended Class Action Complaint Under Seal (Doc. 56) is **DENIED**.

2. To the extent Defendant wants to file Exhibit "A" in conjunction with the Court's consideration of its Motion to Dismiss,[1] Defendant may file, within fourteen (14) days of this Order, a redacted version of Exhibit "A" that appropriately redacts Plaintiff's PHI.

**DONE AND ORDERED** in Tampa, Florida on November 17, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

---

[1] By this ruling, the Court is not making a determination at this juncture as to whether the document is appropriate for consideration on a motion to dismiss.