UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:22-cv-02048-CEH-AAS

JANET MORRIS,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

LINCARE HOLDINGS, INC.,

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### PLAINTIFF'S TIME-SENSITIVE MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S ORDER AND TO COMPEL PRODUCTION OF UNREDACTED ROBOCALL TRANSMISSION LOGS

Plaintiff Janet Morris, pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 3.01, moves to compel Defendant to comply with this Court's Order Granting Plaintiff's Motion to Compel, [DE 95], and to compel Defendant to produce unredacted logs of the over 75,000 robocalls it placed to Plaintiff and the Class Members, and in support states:

### L.R. 3.01(e) Introductory Paragraph

Pursuant to Local Rule 3.01(e), Plaintiff requests a ruling on the instant motion on or before March 25, 2024. The basis for this request is due to Defendant's refusal to comply with this Court's Order compelling discovery, and Plaintiff's deadline of April 5, 2024, to file her Motion for Class Certification. Defendant's refusal to comply

1

with its discovery obligations and this Court's Order have prejudiced Plaintiff and her ability to move for class certification.

## Motion to Compel

1. On January 12, 2024, this Court granted in part Plaintiff's Motion to Compel Discovery. Order, [DE 95].

2. Pursuant to the Court's Order, Defendant was required to produce all documents needed by Plaintiff's expert by February 2, 2024, with the remaining production to occur by February 16, 2024. *See id.* at 8.

3. On February 1, 2024, Defendant requested an extension until March 1, 2024, to produce the transmission logs of the robocalls needed by Plaintiff's expert, and until March 15, 2024, to produce the remaining documents ordered by the Court.

4. Plaintiff agreed to the requested extension and Defendant's proposed schedule for compliance with the Court's Order.

5. On March 1, 2024, Defendant's counsel stated that Defendant was still working to compile the call data and needed another week to comply with the Court's Order.

6. The undersigned responded that the additional week would not be acceptable given the March 6th deposition of Defendant's corporate representative.

7. Out of an abundance of caution, and given the upcoming deadlines, the undersigned moved forward with the March 6th deposition, and continued the deposition to March 22nd to secure additional testimony regarding any documents produced after March 6th.

8. On Friday, March 8, 2024, after repeated demands by the undersigned for the logs, Defendant's counsel indicated that the class data would not be produced until "first thing Monday [,]" March 11th.

9. On March 11, 2024, at approximately 5:00pm, Defendant produced a partially redacted log of approximately 75,000 prerecorded voice calls.

10. Upon review of the call logs, Plaintiff's counsel requested confirmation that logs consist of calls to telephone numbers Defendant obtained solely from its sister company, American HomePatient, Inc., as this Court ordered. Alternatively, the undersigned requested for Defendant to immediately produced a list of the telephone numbers that it called that were provided to Defendant by American HomePatient; again, as ordered by this Court if Defendant did not wish to cross-reference the logs itself.

11. On March 14, 2024, Defendant's counsel indicated that Defendant was "evaluating" whether the logs produced complied with the Court's Order, i.e., whether call logs produced consisted of calls to telephone numbers received only from American HomePatient.

12. Additionally, as of the filing of this Motion, Defendant has yet to produce the remaining documents this Court Ordered, and which the parties agreed would occur by March 15, 2024. At 5am this morning, Defendant's counsel indicated that he was traveling that the documents would be produced this afternoon.

13. Plaintiff produced an expert report on March 14, 2024, to comply with this Court's Scheduling Order, but it is unclear whether the calls logs produced by

Defendant consist of the data ordered by the Court. In other words, whether Plaintiff's expert will have to amend his report once Defendant produces the ordered class data.

14. Relatedly, Plaintiff has requested for Defendant to produce unredacted logs so her expert can engage in an analysis of which of the telephone numbers are cellular numbers covered under the restrictions provided by the TCPA.

15. In lieu of producing the logs, Plaintiff has proposed a stipulation regarding the ability to identify cellular telephone number through the process outlined by her expert and as to numerosity, both of which should not be controversial given that the logs produced by Defendant reflect approximately 76,682 prerecorded voice calls to 2,677 unique telephone numbers.

16. As of the filing of this Motion, and even after repeated requests for Defendant's position on this issue, Defendant's counsel will not respond on whether Defendant will agree to produce unredacted logs or a stipulation on these issues.

17. Again, given that Plaintiff's Motion for Class Certification is due on April 5, 2024, Plaintiff respectfully submits that this is a time-sensitive issue requiring resolution so Plaintiff can move for certification.

18. Plaintiff has at all times been diligent and attempted in good faith to resolve these issues without this Court's intervention, but has been unable to do so.

**WHEREFORE**, Plaintiff respectfully request an Order granting the instant Motion, and for such other relief deemed appropriate by the Court.

## CERTIFICATE GOOD FAITH CONFERRAL

I hereby certify that, as outlined above, I have made good faith efforts to resolve the instant dispute prior to the filing of this Motion but was unable to reach an agreement with Defendant. The undersigned will continue to attempt to resolve the disputes outlined herein and will promptly advise the Court if a resolution on any of the issues is reached.

Date: March 18, 2024

                                              Respectfully submitted,

                                              **HIRALDO P.A.**

                                              */s/ Manuel S. Hiraldo*
                                              Manuel S. Hiraldo, Esq.
                                              Florida Bar No. 030380
                                              401 E. Las Olas Boulevard
                                              Suite 1400
                                              Ft. Lauderdale, Florida 33301
                                              Email: mhiraldo@hiraldolaw.com
                                              Telephone: 954.400.4713
                                              *Counsel for Plaintiff*