UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET MORRIS,

    Plaintiff,

v.                                               Case No: 8:22-cv-2048-CEH-AAS

LINCARE, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant Lincare, Inc.'s Motion to Dismiss Second Amended Complaint (Doc. 57). In the motion, Defendant requests dismissal with prejudice of Plaintiff Janet Morris' Second Amended Complaint. Plaintiff filed a response in opposition. Doc. 71. The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part Defendant's Motion to Dismiss Second Amended Complaint.

**I.  BACKGROUND**

    **A.  Procedural Background**

Plaintiff, Janet Morris, initiated this class action lawsuit in September 2022 against Lincare Holdings, Inc. for alleged statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. Doc. 1. In October 2022, Lincare Holdings, Inc. moved to dismiss (Doc. 12) the Complaint because the

telephone number appearing on the face of Plaintiff's Complaint was one operated by or on behalf of an affiliate of "Lincare, Inc." and not "Lincare Holdings, Inc." On November 3, 2022, Plaintiff filed her First Amended Class Action Complaint, naming Lincare, Inc. as the Defendant and dismissing Lincare Holdings, Inc. Doc. 14. Lincare, Inc. moved to dismiss the Amended Complaint. Doc. 20. The Court dismissed Plaintiff's Amended Complaint as a shotgun pleading and granted Plaintiff leave to file a Second Amended Complaint. Doc. 50.

### B.     Factual Background[1]

In her two-count Second Amended Class Action Complaint brought under the TCPA and FTSA, Plaintiff alleges that Lincare, Inc. ("Lincare") engages in aggressive and intrusive telemarketing by robocalling consumers, including Plaintiff, for the purpose of promoting and advertising its goods and services. Doc. 51 ¶¶ 12, 13. Beginning on September 21, 2020, Lincare sent unsolicited and unconsented to prerecorded voice calls to Plaintiff's cellular telephone. *Id.* ¶ 14. It was obvious from the messages left that the calls were made using a prerecorded voice and were not made by a live person. *Id.* ¶ 15. Despite the messages representing that the caller was Plaintiff's medical supply company, Lincare is not Plaintiff's medical supply company and the calls were not about care, services, need or supplies related to Plaintiff's health.

---

[1] The following statement of facts is derived from the Second Amended Complaint (Doc. 51), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

2

*Id.* ¶ 16. The purpose of the calls was to solicit the sale of consumer goods and to advertise the commercial availability of Lincare's goods to Plaintiff. *Id.* ¶ 17.

Plaintiff was in Florida when she received the robo sales calls to her cellular telephone number. *Id.* ¶¶ 18, 19. Plaintiff never provided Lincare with express written consent or authorization to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number. *Id.* ¶¶ 21, 22. Plaintiff never provided Lincare with express consent or any consent or permission to contact her on her cellular telephone with prerecorded messages. *Id.* ¶¶ 23, 24. Plaintiff never provided her telephone number to Lincare. *Id.* ¶ 25. Lincare's telephonic sales calls caused harm to Plaintiff and the putative class, including liquidated damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory rights. *Id.* ¶ 28.

In Count I, Plaintiff alleges that Lincare used prerecorded messages to make non-emergency calls to Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200. *Id.* ¶¶ 40–43. In Count II, Plaintiff sues Lincare for violation of the FTSA, Florida's statutory counterpart to the TCPA. *Id.* ¶¶ 48–55. She alleges that Lincare made or knowingly allowed sales calls to be made to Plaintiff's cellular telephone without her prior express written consent in violation of the FTSA. *Id.* ¶¶ 52–53. She claims she was harmed and seeks statutory damages for each violation of the statute along with an injunction from future calls. *Id.* ¶ 54.

### C. Defendant's Motion (Doc. 57) and Plaintiff's Response (Doc. 71)

Defendant argues the Second Amended Complaint is subject to dismissal with prejudice because it is still a shotgun pleading. Additionally, Defendant argues that Count I is barred as a matter of law because Plaintiff provided express written consent to be contacted. Lincare attaches to its motion a form signed by Plaintiff on May 12, 2015, in which Plaintiff "expressly agree[s] to receive calls by or on behalf of American HomePatient and/or its corporate affiliates, agents, and assigns." Doc. 86 at 3.

Alternatively, Defendant argues the voicemails are exempt pursuant to the "Health Care Rule." Defendant further requests dismissal of Plaintiff's request for injunctive relief because Plaintiff fails to allege a threat of future injury, i.e., that she or any class member will be called again. As for the FTSA claim in Count II, Defendant submits the Court should decline to retain jurisdiction of the state law claim once the federal claim is dismissed, and in any event, Plaintiff fails to adequately allege actual damages precluding her FTSA claim as a class action.

Plaintiff responds in opposition, arguing that the document Defendant submits as proof of consent, in fact, establishes that no express consent was provided for Lincare's robocalls. As for the other arguments raised, Plaintiff contends it corrected the shotgun pleading issues, the healthcare exception and emergency purpose exception do not apply, and because this putative class action is brought under Rule 23, Fla. Stat. § 768.734 is inapplicable. Lastly, Plaintiff argues Defendant waived any argument not raised in initial 12(b)(6) motion.

4

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III. DISCUSSION

### A. Shotgun Pleading

Lincare first argues that dismissal with prejudice is warranted because the Second Amended Complaint "remains a shotgun pleading."[2] Doc. 57 at 2. Lincare contends that Plaintiff has failed to cure the pleading deficiencies in not separating the causes of action into separate counts. This was an issue raised by the Court in its

---

[2] A shotgun pleading is a "complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Court previously dismissed Plaintiff's Amended complaint as a shotgun pleading. Doc. 50.

5

August 18, 2023 Order, in which the Court noted that Plaintiff raised TCPA violations in the same count under two different statutes--one related to cellular telephones and the other residential lines, which are distinct. *See* Doc. 50 at 6–9. In the Second Amended Complaint, Plaintiff has corrected this pleading deficiency. By way of example, Count I of the Second Amended Complaint removed the allegations that were contained in the Amended Complaint related to 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200 (a)(3), both of which address calls to residential lines. Doc. 14 ¶¶ 54, 55. Now, the allegations of Count I pertain only to calls to Plaintiff's cellular telephone. Notwithstanding, Defendant argues the Second Amended Complaint is still deficient because Count I cites to both the TCPA and Title 47 of the Code of Federal Regulations. Defendant's argument is unavailing. The Federal Communications Commission ("FCC") enforces the TCPA by prescribing and implementing regulations under Title 47 of the Code of Federal Regulations ("CFR"). *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 n.1 (2020). Plaintiff's inclusion of the related implementing regulations in her Count I TCPA claim does not create a shotgun pleading. Defendant's motion to dismiss on this ground is denied.

    **B.**    **Express Written Consent**

Lincare next argues the Second Amended Complaint is subject to dismissal with prejudice because Plaintiff provided prior express written consent to be contacted. Lincare urges that the Court may appropriately consider the form (Doc. 86 at 3) on the instant motion to dismiss. "[A] court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if

the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]hen the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.") "A document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make out a claim." *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (per curiam) (alteration in original) (quoting *Day*, 400 F.3d at 1276). "In this context, 'undisputed' means the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276.

Even if the form is central to Plaintiff's claim and appropriate for consideration on the instant motion, in a light favorable to Plaintiff, the form does not support dismissal at this juncture. Although Plaintiff does not dispute the existence of the form, she disputes its import. She argues that, if anything, the form demonstrates she did not give consent to receive Lincare's robo sales calls. Plaintiff contends that the form fails to comply with the regulations because it does not reference an agreement to receive prerecorded calls; did not notify Plaintiff she was not required to sign the form; and does not identify Lincare, Inc. as the seller/caller. Doc. 71 at 9. Plaintiff repeatedly alleges she did not provide consent to Lincare to contact her with prerecorded sales calls. Doc. 51 at ¶¶ 21–25. The form does not reference Lincare and there are no

7

allegations pertaining to the relationship of Lincare and American HomePatient. As the matter of consent is in dispute, the Court cannot make a ruling at this stage as to whether the signed form bars Plaintiff's TCPA claim. Thus, Defendant's motion is due to be denied on this argument.

### C.     Health Care Rule

Lincare also argues that Plaintiff's claims are barred by the "Health Care Rule" because its messages sought to deliver a "health care message" by or on behalf of a "covered entity" or its "business associate." Doc. 57 at 13. As the motion acknowledges, however, this exemption is predicated on prior express consent, which the Court has determined cannot be decided on the instant motion. Further, the Court has already indicated that whether such calls were health-care-related may not be resolved at this stage of the pleadings, *see* Doc. 50 at 9, where Plaintiff specifically alleges that the calls were for the purpose of advertising the commercial availability of Lincare's goods and were not related to Plaintiff's health. Additionally, Plaintiff alleges no express consent was given, and the Health Care Rule requires prior express consent. *See Coleman v. Rite Aid of Ga., Inc.*, 284 F. Supp. 3d 1343, 1348 (N.D. Ga. 2018). The motion is due to be decided on this point.

### D.     Emergency Healthcare Communications

Notwithstanding whether consent was provided, Lincare argues the calls are lawful because they were made for emergency purposes. Citing the regulations, Lincare states that the term "emergency purposes" refers to "calls made necessary in any situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200(f)(4).

Because CPAP supplies are inarguably health-related and CPAP devices are aimed at conditions, which if left untreated could be fatal, Lincare argues the messages are clearly for emergency purposes.

Plaintiff submits this argument is inappropriate on the instant motion because it should have been raised in Defendant's initial Rule 12(b)(6) motion. In pertinent part, Rule 12(g) precludes a party from raising in a subsequent 12(b)(6) motion "a defense or objection that was available to the party but omitted from its earlier [Rule 12(b)(6)] motion. Fed. R. Civ. P. 12(g)(2). As Plaintiff argues, Lincare never raised the "emergency purpose" exemption in its initial motion to dismiss. Even if the Court were inclined to consider it, however, like the health-care related exemption, the emergency nature and health care purpose is in dispute and not appropriately resolved at this stage of the proceedings.

### E. Request for Injunctive Relief

In her Second Amended Complaint, Plaintiff seeks injunctive relief and statutory damages. Doc. 51 ¶ 4. Plaintiff alleges that she, and members of the proposed class, received robo sales calls from Defendant. *Id.* ¶¶ 14, 27, 31, 43. In Counts I and II, she alleges that Plaintiff and the members of the Class are entitled to an injunction against future calls. *Id.* ¶¶ 47, 54. In her prayer for relief, Plaintiff requests an injunction requiring Defendant to cease telephonic sales calls without prior express written consent and an injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by maintaining policies, providing training to their personnel, and maintaining a do-not-call list. *Id.* at 20.

In its motion to dismiss, Lincare argues that Plaintiff wholly fails to allege any facts that support an award of injunctive relief. "[W]here a plaintiff seeks prospective relief, [she] must demonstrate a 'real and immediate threat' of future injury." *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)). Review of the Second Amended Complaint reveals no real threat of future injury. Plaintiff does not allege that she or any of the class members will receive another call in the future from Defendant. In the absence of any allegation that a plaintiff will ever receive another prerecorded message or robo call from the defendant in the future, courts in this Circuit have dismissed a plaintiff's request for injunctive relief. *See Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1252 (S.D. Fla. 2019); *Zononi v. CHW Grp., Inc.*, No. 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla. Mar. 7, 2023) (dismissing prayer for injunctive relief in TCPA case where amended complaint failed to allege facts that show a likelihood of future injury). Of note, Plaintiff does not respond to or argue in opposition to Lincare's request to dismiss the prayer for injunctive relief. The Court will grant Lincare's motion to the extent it seeks dismissal of the request for injunctive relief.

    F.    **State Law Claim**

Lincare argues that since the federal claim in Count I is subject to dismissal, there is no independent basis for the Court's jurisdiction over Count II, and the Court should decline to exercise supplemental jurisdiction over the pendent state law claim. Because the Court concludes above that Plaintiff's TCPA claim survives the motion

10

to dismiss, the Court will retain jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

Alternatively, Lincare argues that Plaintiff's FTSA claim in Count II fails because Plaintiff does not allege, nor can she prove, any actual damages. In support, Lincare relies on Florida Statute § 768.734, which states that "in order to maintain a class action seeking statutory penalties under chapters 302, 501, and 521, the class action claimants must allege and prove actual damages." Thus, Defendant urges that since Plaintiff only alleges statutory damages, she cannot maintain a class action under Fla. Stat. § 501.059.

Plaintiff responds that she is not seeking "penalties," but rather actual damages. Review of the Second Amended Complaint reveals Plaintiff requests "[a]n award of liquidated actual damages of $500 per call for Plaintiff and each member of the Classes as applicable under the FTSA and/or TCPA." Doc. 51 at 20. But more fundamental, Plaintiff argues that Federal Rule of Civil Procedure 23, which is the federal rule governing class actions, preempts the state statute to the extent it precludes the claims to be brought as a class action.

The Supreme Court has recognized that Rule 23 is a procedural rule. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) (holding that a class action, like traditional joinder, "merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. And like traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision

unchanged."). Where a federal rule is one of procedure, "it is authorized by § 2072[3] and is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." *Id.* at 410. *Shady Grove* was a putative class action filed in federal court alleging violation of a New York statute due to defendant insurer's failure to pay statutory interest penalties on overdue payments. The New York law prohibited a suit seeking to recover a "penalty" from proceeding as a class action. The *Shady Grove* Court held that where the question is whether Shady Grove's suit may proceed in federal court as a class action, if Rule 23 provides the answer – which the Court found it did—then it governs notwithstanding the state law, provided it does not exceed statutory authority or Congress's rulemaking power. *Id.* at 398. "Rule 23 provides that '[a] class action may be maintained' if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation) and it also must fit into one of the three categories described in subdivision (b)." *Id.* Considering the allegations of the Second Amended Complaint here, Plaintiff has adequately pleaded the requirements of Rule 23. Thus, the Second Amended Complaint does not fail to state a claim.

The Eleventh Circuit in *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1334 (11th Cir. 2015) adopted and applied the analysis of *Shady Grove*. At issue in *Lisk*

---

[3] "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C § 2072(a).

was Alabama's Deceptive Trade Practices Act ("ADTPA") that provides for a private right of action in favor of a consumer against a person who violates the statute. Under the statute, the consumer may recover the greater of $100 or actual damages or, in the court's discretion, up to three times actual damages, together with attorney's fees. *Lisk*, 792 F.3d at 1334 (citing Ala. Code § 8–19–10(a)). The ADTPA, however, provides that only the Alabama Attorney General or a district attorney may bring a class action, and a private individual may not. *Id.* Applying the analysis of *Shady Grove*, the Eleventh Circuit concluded that the "Alabama statute restricting class actions, like the New York statute at issue in *Shady Grove*, does not apply in federal court. Rule 23 controls." *Id.* at 1336. In reaching its conclusion, the *Lisk* court determined that Rule 23 does not alter the substantive rights and obligations of the state substantive law at all. "[W]ith or without Rule 23, the parties have the same substantive rights and responsibilities. The disputed issue is not whether Mr. Lisk and other buyers are entitled to redress for any misrepresentation; they are. The disputed issue is only whether they may seek redress in one action or must instead bring separate actions . . . . Because Rule 23 does not 'abridge, enlarge or modify any substantive right,' Rule 23 is valid and applies in this action." *Id.* at 1337–38. Similarly, the FTSA is not substantively modified by Rule 23, and thus, Rule 23 is valid and applies in this action. Defendant's motion to dismiss on the basis that Florida Statute § 768.734 prohibits class actions under chapter 501 seeking only a statutory penalty, is due to be denied. Accordingly, it is

13

**ORDERED**:

1. Defendant's Motion to Dismiss Second Amended Complaint (Doc. 57) is **granted-in-part** to the extent that Plaintiff's request for injunctive relief is dismissed. In all other respects, Defendant's Motion to Dismiss Second Amended Complaint is **denied**.

2. Defendant Lincare, Inc. shall file its answer to Plaintiff's Second Amended Complaint within 14 days of this Order.

**DONE AND ORDERED** in Tampa, Florida on May 24, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any