# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JANET MORRIS,

     Plaintiff,

v.                                   Case No: 8:22-cv-2048-CEH-AAS

LINCARE, INC.,

     Defendant.

_____/

# ORDER

This matter comes before the Court on Plaintiff's Unopposed Motion to File Exhibit in Support of Motion for Class Certification Under Seal (Doc. 124). In the motion, Plaintiff requests an order permitting her to file under seal an exhibit to her anticipated motion for class certification. The exhibit includes logs of telephone numbers, including telephone numbers of the Plaintiff and putative class members. Defendant has designated the log "confidential" in discovery and does not oppose the motion. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Unopposed Motion to File Exhibit in Support of Motion for Class Certification Under Seal.

## DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). By

her motion, Plaintiff seeks to file under seal an exhibit to her anticipated Motion for Class Certification. Documents filed in connection with a substantive pretrial motion, unrelated to discovery, such as a motion for class certification, "[are] subject to the common law right of access," which includes the right to inspect and copy public records. *Romero*, 480 F.3d at 1245.

In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. Such relief will only be granted upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

Plaintiff requests an order allowing her to file under seal the call logs containing telephone numbers of herself and other members of the putative class.[1] In support of her request, she asserts such information has been designated confidential and is

---

[1] Besides the telephone numbers, the other information included in the call logs includes the company name, the call start and end times, whether the call was answered, whether the phone is a cell phone, and whether the person ordered from Lincare. There is no indication that this other information contained in the call logs is subject to protection based on any claim of privacy.

considered protected confidential information. As a preliminary matter, the fact that the parties have designated the documents as "confidential" is not a basis for sealing the documents. The rules of this Court specifically provide that "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." M.D. Fla. Local Rule 1.11(a); *see also Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (Whittemore, J.), citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("[t]he parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access").

In support of her request, Plaintiff also contends that the information is subject to the privacy protections recognized by the courts related to medical records. In relevant part, the Health Insurance Portability and Accountability Act ("HIPAA") prohibits covered entities from using or disclosing protected health information. *Opis Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1295 (11th Cir. 2013) (citing 45 C.F.R. § 164.502). Protected health information ("PHI") as contemplated by HIPAA includes information collected by a covered entity related to "the past, present, or future payment for the provision of health care to an individual." *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1125 (11th Cir. 2014) (quoting 42 U.S.C. § 1320d(4)). This has been interpreted to encompass billing and payment related information, including cell phone numbers. *Id.*

However, where an individual's PHI can be redacted, it may no longer be considered identifiable information for purposes of HIPAA regulations. *See State Farm*

3

*Mut. Auto. Ins. v. Kugler*, 840 F. Supp. 2d 1323, 1328-29 (S.D. Fla. 2011); *see also* 45 C.F.R. §§ 164.502(d)(2), 164.514(a) ("Health information that does not identify an individual and with respect to which there is no reasonable basis to believe that the information can be used to identify an individual is not individually identifiable health information.").

Here, the only information contained in the exhibit that Plaintiff states is protected by privacy concerns are the telephone numbers. Plaintiff has not offered any reason why a means other than sealing is unavailable or unsatisfactory or that it is necessary to seal the entirety of the subject documents. As recognized by Plaintiff, the telephone numbers have been partially redacted as they exclude the first three numbers of the telephone number, including only the last four digits and the area code. There is no explanation why the data cannot be redacted further to exclude the area codes such that only the last four digits of the telephone numbers appear. Thus, Plaintiff's request to file the exhibit under seal lacks good cause and is due to be denied because less onerous means may be employed to protect the information the parties assert should be protected from disclosure.

The Court is cognizant that the Motion is unopposed, but the Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, No. 3:10-cv-978-RBD-JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted).  Accordingly, it is

**ORDERED**:

1.      Plaintiff's Unopposed Motion to File Exhibit in Support of Motion for Class Certification Under Seal (Doc. 124) is **DENIED**.

2.      The Clerk is directed to electronically remove the proposed sealed item at Doc. 124-1. To the extent that Plaintiff wishes the Court to consider the exhibit in conjunction with her upcoming Motion for Class Certification, the Plaintiff should appropriately redact the area codes from the documents so that only the last four digits of the telephone numbers are contained in the exhibit before re-filing.

**DONE AND ORDERED** in Tampa, Florida on May 28, 2024.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any