UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JANET MORRIS,
Individually and on behalf of all others
similarly situated,
    Plaintiff,

v.

LINCARE, INC.
    Defendant.
_____/

Case No.: 8:22-CV-02048
CLASS ACTION

## LINCARE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT

Lincare Inc. (*"Lincare"*), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses (the *"Answer"*) to Plaintiff's Second Amended Class Action (the *"Complaint"*).

### GENERAL DENIAL

Lincare denies any wrongdoing. Lincare denies all allegations by Plaintiff, except as specifically set forth below.

### NATURE OF THE ACTION

1. Lincare admits that Plaintiff purports to bring a putative class action under the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* (the *"TCPA"*), and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the *"FTSA"*), but denies all other allegations in Paragraph 1 of the Complaint and denies that Plaintiff or the putative class is entitled to relief.

2. The regulation and case referenced in Paragraph 2 of the Complaint each speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied.

3. Lincare denies the allegations in Paragraph 3 of the Complaint.

4. Lincare admits the Plaintiff purports to seek statutory damages but denies all other allegations in Paragraph 4 of the Complaint. The court has Granted the Plaintiff's Motion to Dismiss in part and dismissed any and all requests for injunctive relief sought in the Complaint.

## **PARTIES**

5. Lincare is without knowledge of and therefore denies the allegations in Paragraph 5 of the Complaint.

6. The statute referenced in Paragraph 6 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, Lincare admits that Janet Morris was the user of the cellular telephone number, but denies all other allegations or implications in Paragraph 6 of the Complaint.

7. Lincare denies that it is a Florida corporation or a telephone solicitor. As to the statute referenced in Paragraph 7 of the Complaint, it speaks for itself

and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied.

## JURISDICTION AND VENUE

8. Lincare admits to Paragraph 8 of the Complaint for jurisdictional purposes only, otherwise denied.

9. Lincare admits to Paragraph 9 of the Complaint for jurisdictional purposes only and only under the current procedural posture of this case, otherwise denied.

10. Lincare admits only that it is subject to personal jurisdiction in Florida. Lincare denies the remaining allegations in Paragraph 10 of the Complaint.

11. The allegations in first section of Paragraph 11 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, those allegations are denied. Lincare denies all other allegations in Paragraph 11 of the Complaint.

## FACTS

12. Lincare denies the allegations and alleged sampling of complaints in Paragraph 12 of the Complaint.

13. Lincare denies the allegations in Paragraph 13 of the Complaint.

14. Lincare denies the allegations in Paragraph 14 of the Complaint. As to the screenshots referenced in Paragraph 14 of the Complaint, each speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

15. Lincare is without knowledge of and therefore denies the allegations in Paragraph 15 of the Complaint.

16. Lincare denies the allegations in Paragraph 16 of the Complaint.

17. Lincare denies the allegations in Paragraph 17 of the Complaint.

18. Lincare admits Plaintiff is the user of the cellular telephone number, but otherwise denies all other allegations of Paragraph 18 of the Complaint.

19. Lincare denies the allegations in Paragraph 19 of the Complaint.

20. Lincare denies the allegations in Paragraph 20 of the Complaint.

21. Lincare denies the allegations in Paragraph 21 of the Complaint.

22. Lincare denies the allegations in Paragraph 22 of the Complaint.

23. Lincare denies the allegations in Paragraph 23 of the Complaint.

24. Lincare denies the allegations in Paragraph 24 of the Complaint.

25. Lincare denies the allegations in Paragraph 25 of the Complaint.

26. Lincare denies the allegations in Paragraph 26 of the Complaint.

27. Lincare denies the allegations in Paragraph 27 of the Complaint.

28. Lincare denies the allegations in Paragraph 28 of the Complaint.

# CLASS ALLEGATIONS

## PROPOSED CLASSES

29. Lincare admits that Plaintiff purports to bring a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all other similarly situated, but denies that purported class action is permitted or has any merit. Additionally, the remaining allegations in Paragraph 29 of the Complaint are statements of the proposed class Plaintiff purports to represent in this action, to which no response is required. To the extent a response is required, Lincare denies that Plaintiff's proposed class is appropriate for class treatment pursuant to Fed. R. Civ. P. 23 and further denies that the purported class action is permitted or has any merit.

30. Lincare admits that its employees and agents are excluded from the purported class Plaintiff seeks to represent.

## NUMEROSITY

31. Lincare denies the allegations in Paragraph 31 of the Complaint.

32. Lincare denies the allegations in Paragraph 32 of the Complaint.

## COMMON QUESTIONS OF LAW AND FACT

33. Lincare denies the allegations in Paragraph 33, and subsections (a)-(d) of Paragraph 33 of the Complaint.

34. Lincare denies the allegations in Paragraph 34 of the Complaint.

**TYPICALITY**

35. Lincare denies the allegations in Paragraph 35 of the Complaint.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

36. Lincare denies the allegations in Paragraph 36 of the Complaint.

**SUPERIORITY**

37. Lincare denies the allegations in Paragraph 37 of the Complaint.

38. Lincare denies the allegations in Paragraph 38 of the Complaint. The court has Granted the Plaintiff's Motion to Dismiss in part and dismissed any and all requests for injunctive relief sought in the Complaint such that Plaintiff's allegation regarding inconsistent rulings is without merit.

## COUNT I
**VIOLATION OF 47 U.S.C. § 227 AND 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the TCPA Class)**

39. Lincare incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 38 above as if fully set forth herein.

40. The statute referenced in Paragraph 40 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied.

41. The statute referenced in Paragraph 41 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is

therefore required; to the extent that a response is required, those allegations are denied.

42. The statute referenced in Paragraph 42 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied.

43. Lincare denies the allegations in Paragraph 43 of the Complaint.

44. Lincare denies the allegations in Paragraph 44 of the Complaint.

45. Lincare denies the allegations in Paragraph 45 of the Complaint.

46. Lincare denies the allegations in Paragraph 46 of the Complaint.

47. Lincare denies the allegations in Paragraph 47 of the Complaint. The court has Granted the Plaintiff's Motion to Dismiss in part and dismissed any and all requests for injunctive relief sought in the Complaint.

**COUNT II**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiff and the FTSA Class)**

48. Lincare incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 38 above as if fully set forth herein.

49. The statute referenced in Paragraph 49 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is

therefore required; to the extent that a response is required, those allegations are denied.

50. The statute referenced in Paragraph 50 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied.

51. The statute referenced in Paragraph 51, including sub-sections 1–4, of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied.

52. Lincare denies the allegations in Paragraph 52 of the Complaint.

53. Lincare denies the allegations in Paragraph 53 of the Complaint.

54. Lincare denies the allegations in Paragraph 54 of the Complaint. The court has Granted the Plaintiff's Motion to Dismiss in part and dismissed any and all requests for injunctive relief sought in the Complaint.

55. Lincare denies the allegations in Paragraph 55 of the Complaint.

## **PRAYER FOR RELIEF**

Lincare further denies that it is liable for the requested relief in subsections (a)-(f) of the WHEREFORE clause under Paragraph 55 of the Complaint or any

relief whatsoever. The court has Granted the Plaintiff's Motion to Dismiss in part and dismissed any and all requests for injunctive relief sought in the Complaint.

**JURY DEMAND**

Lincare acknowledges that Plaintiff seeks a trial by jury.

**AFFIRMATIVE DEFENSES**
**RESERVATION OF RIGHTS**

Lincare reserves the right to amend its Answer and Affirmative Defenses to modify its responses and add such affirmative defenses as warranted by additional investigation, discovery, preparation for trial, or otherwise, it becomes apparent to assert such defenses in this case pursuant to the Federal Rules of Civil Procedure and nothing herein is or constitutes any waiver of Plaintiff's burden, nor permits Plaintiff to shift such burden, related to any element of Plaintiff's *prima facie* case alleging a violation under the TCPA and/or FTSA. Subject thereto Lincare asserts the following affirmative defenses:

# AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not the proper representative of the purported class because Plaintiff's claims are based on individualized circumstances, which are separate and distinct from the issues involving the purported claims of the members of the putative class.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative classes are barred by the doctrine of laches because they knew or should have known of their right to bring a claim against Lincare immediately upon receipt of the alleged pre-recorded call, inexcusably and unreasonably delayed bringing their claims, all of which caused Lincare undue prejudice.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and the purported class members failed to mitigate their damages because the alleged pre-recorded calls at issue included a reasonable means to prevent the transmission of any further communications and Plaintiff and the purported class members failed to exercise such means to prevent further communications after receipt of the alleged violative communication.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' alleged damages are barred, in whole or in part, because the statutory damages that Plaintiff and the purported class members seek violate Lincare's right to due process pursuant to the United States Constitution and constitute excessive fines under the Eighth Amendment of the United States Constitution that are grossly disproportionate to the actual harm suffered by Plaintiff and the purported class members.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' alleged damages are barred, in whole or in part, because the alleged pre-recorded calls at issue did not deliver, and do not constitute, advertisements or telemarketing violative of the TCPA or FTSA. Nothing herein shifts or otherwise waives Plaintiff's burden of establishing the alleged call(s) constitute an "Unsolicited Telephonic Sales Call" pursuant to Sec. 501.059(1), *et seq.* or a purported violation of 47 C.F.R. § 64.1200(a)(2).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and members of the putative classes acted in bad faith and with unclean hands based on all relevant facts, law, and circumstances known by Plaintiff and members of the putative classes, including providing written consent and/or voluntarily providing prior express consent, engaging in a business

relationship with Lincare or its affiliates and/or ordering supplies, and forum shopping. Accordingly, Plaintiff and members of the putative classes are barred, in whole or in part, from any recovery in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of members of the putative classes are barred, in whole or in part, by the de minimis doctrine.

**AFFIRMATIVE DEFENSES APPLICABLE TO COUNT I**

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of members of the putative class are barred because they provided prior express written consent, prior express consent, and/or express invitation or permission to be contacted by Lincare or its affiliates. For the same reason, Plaintiff is not a proper representative of the purported class.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or claims of members of the putative class are barred because, and to the extent that, each of them had established business relationships with Lincare or its affiliates. Nothing herein shifts or otherwise waives Plaintiff's burden of establishing the alleged call(s) constitute a "Telephone Solicitation" pursuant to Sec. 47 C.F.R. 64.1200(a), *et seq.*, including under 47 U.S.C. § 227 *et seq.* as applicable.

## TENTH AFFIRMATIVE DEFENSE

The statutory scheme upon which Count I is brought exempts calls made by HIPAA covered entities and/or calls made for health purposes.

## ELEVENTH AFFIRMATIVE DEFENSE

The statutory scheme upon which Count I is brought exempts calls made by HIPAA covered entities and/or calls made for health purposes when a party provides prior express consent.

## TWELFTH AFFIRMATIVE DEFENSE

Notwithstanding no violation occurred, and in the alternative, Plaintiff's and the purported class members' alleged damages are barred, in whole or in part, because Lincare maintains reasonable procedures and policies to avoid violative communications.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred, in whole or in part, by the doctrine of waiver. The alleged pre-recorded calls at issue included a reasonable means to prevent the transmission of any further communications. Plaintiff and the purported class members unreasonably delayed exercising such means, did not exercise such means, or otherwise expressly

consented to receiving further communications thereby relinquishing any rights to make a claim under the TCPA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of members of the putative class are barred, in whole or in part, by the doctrine of estoppel. The alleged pre-recorded calls at issue included reasonable means to prevent the transmission of any further communications. Plaintiff and the purported class members unreasonably delayed exercising, or did not exercise, the foregoing, which Lincare relied upon to its detriment. Accordingly, Plaintiff and the purported class members are estopped from seeking any damages for any communications received after the alleged initial pre-recorded call and failing to exercise the reasonable means available to prevent further communications.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of members of the putative class are barred, in whole or in part, because Plaintiff and the purported class members have suffered no injury-in-fact in that they did not incur any charge for receiving the alleged pre-recorded calls or any other actual damages. For the same reason, Plaintiff is not a proper representative of the purported class. Nothing herein shifts or otherwise waives Plaintiff's burden of establishing the alleged call(s) constitute a violation

pursuant to Sec. 47 C.F.R. 64.1200(a)(1)(iii), *et seq.* and 47 U.S.C. § 227(b)(1)(A)(iii) *et seq.* as applicable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred by the applicable statute of limitations for TCPA claims.

## AFFIRMATIVE DEFENSES APPLICABLE TO COUNT II
## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred because they provided prior express written consent, prior express consent, and/or express invitation or permission to be contacted by Lincare or its affiliates. For the same reason, Plaintiff is not a proper representative of the purported class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred because they had established business relationships with Lincare or its affiliates. Nothing herein shifts or otherwise waives Plaintiff's burden of establishing the alleged call(s) constitute an "Unsolicited Telephonic Sales Call" pursuant to Sec. 501.059(1), *et seq.*

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing these claims on behalf of herself and/or the purported class because Plaintiff is precluded by Sec. 768.734(2), Fla. Stat from bringing such claims. For the same reason, Plaintiff is not a proper representative of the purported class.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred, in whole or in part, by the doctrine of waiver. The alleged pre-recorded calls at issue included a reasonable means to prevent the transmission of any further communications. Plaintiff and the purported class members unreasonably delayed exercising the foregoing means, did not exercise said means, or otherwise expressly consented to receiving further communications thereby relinquishing any rights to make a claim under Sec. 501.059(8), Fla. Stat.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Notwithstanding no violation occurred, and in the alternative, Plaintiff's and the purported class members' alleged damages are barred, in whole or in part, because Lincare maintains reasonable procedures and policies to avoid violative communications.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred, in whole or in part, by the doctrine of estoppel. The alleged pre-recorded calls at issue included a reasonable means to prevent the transmission of any further communications. Plaintiff and the purported class members unreasonably delayed exercising, or did not exercise, the foregoing means, which Lincare relied upon to its detriment. Accordingly, Plaintiff and the purported class members are estopped from seeking any damages for any communications received after the alleged initial pre-recorded call and failing to exercise the available reasonable means to prevent further communications.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred, in whole or in part, because Plaintiff and the purported class members have suffered no injury-in-fact in that they did not incur any charge for receiving the alleged pre-recorded calls or any other actual damages. For the same reason, Plaintiff is not a proper representative of the purported class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of members of the putative class are barred by the applicable statute of limitations for FTSA claims.

**WHEREFORE**, having answered the Complaint Defendant, Lincare Inc., demands judgment in its favor, that the Complaint be dismissed, that all attorneys' fees and costs be taxed against Plaintiff as permitted, Janet Morris, and for such other relief as this Court deems proper.

> *SHUMAKER, LOOP & KENDRICK, LLP*
> */s/ Matthew A. Ceriale*
> Matthew A. Ceriale, Esq. (FBN: 1020226)
> mceriale@shumaker.com
> dfernandez@shumaker.com
> Jay B. Verona, Esq. (FBN: 352616)
> jverona@shumaker.com
> mhartz@shumaker.com
> 101 E. Kennedy Blvd., Suite 2800
> Tampa, Florida 33602
> Phone (813) 229-7600
> Fax (813) 229-1660
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on June 7, 2024, a true and correct copy of the foregoing has been filed with CM/ECF which will furnish a copy to all counsel of record:

| | |
|---|---|
| Rachel Dapeer, Esq. | Manuel S. Hiraldo, Esq. |
| Dapeer Law, P.A. | Hiraldo, P.A. |
| 20900 NE 30th Ave., Suite 417 | 401 E. Las Olas Blvd., Suite 1400 |
| Aventura, FL 33180 | Ft. Lauderdale, FL 33301 |
| rahcel@dapeer.com | mhiraldo@hiraldolaw.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

> By: */s/ Matthew A. Ceriale*
>     ATTORNEY