UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET MORRIS,

    **Plaintiff,**

v.                                          **Case No. 8:22-cv-2048-CEH-AAS**

LINCARE, INC.,

    **Defendants.**
_____/

## ORDER

Plaintiff Janet Morris requests the court strike two exhibits Defendant Lincare Inc. filed in support of its opposition to Ms. Morris's motion for class certification. (Doc. 152). Lincare responds in opposition, and Ms. Morris replies in further support of her motion to strike the exhibits. (Docs. 160, 163).

In August 2023, Ms. Morris requested the court compel Lincare to respond to her discovery requests, including Interrogatory 9. (Doc. 53). Interrogatory 9 requested Lincare "[d]escribe what type of consent or permission, if any, You obtained from the FTSA Class Members prior to sending Voice Calls to their telephone numbers." (Doc. 53-1, p. 8). After a January 2024 hearing on Ms. Morris's motion and other outstanding discovery disputes, the undersigned amended Interrogatory 9 and directed

1

Lincare to instead "provide exemplar consent or permission forms. The date range for this request is limited to January 1, 2015 to September 5, 2022." (Doc. 95, p. 3). The undersigned directed Lincare to produce these documents by February 16, 2024.

In June 2024, Ms. Morris filed a motion for class certification. (Doc. 127). Lincare responded in opposition. (Doc. 149). Ms. Morris alleges Lincare's response attaches as exhibits exemplar consent forms (Doc. 149-1, pp. 19–29) that Lincare failed to produce by the court's February 16, 2024 deadline. (Doc. 152, p. 1). Lincare argues its late production was substantially justified, inadvertent, and harmless. (Doc. 160, p. 1). Ms. Morris requests the court exclude the consent forms from its consideration of Ms. Morris's motion for class certification, from further motions, and from trial. (Doc. 152, p. 2).

A party "must supplement or correct its disclosure or response in a timely manner[.]" Fed. R. Civ. P. 26(e). "If a party fails to provide information [ ] as required by Rule 26(a) or (e), the party is not allowed to use that information [ ] to supply evidence on a motion [ ] unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in this District typically weigh the following five factors in assessing whether a failure to tender evidence in a punctual manner meets the "substantially justified" or "harmless" standards:

> (1) the surprise to the party against whom the evidence would

>be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Pitts v. GeoVera Specialty Ins. Co.*, No. 8:21-CV-2033-VMC-CPT, 2022 WL 16830778, *4 (M.D. Fla. Sept. 7, 2022), *report and recommendation adopted*, No. 8:21-CV-2033-VMC-CPT, 2022 WL 5240781 (M.D. Fla. Oct. 6, 2022) (citation omitted).

Striking the late-produced consent forms is not necessary. First, there is minimal, if any, surprise because Lincare produced substantially similar exemplars. (*Compare* Doc. 160-1, p. 2 *and* Doc. 160-2, pp 2, 3 *with* Doc. 160-3, pp. 2–6 *and* Doc. 160-4, pp. 2, 3); *Miele v. Certain Underwriters at Lloyd's of London*, 559 F. App'x 858, 861 (11th Cir. 2014). Second, any potential surprise Ms. Morris suffered is cured by the court's extensions. *Lanzi v. Yamaha Motor Corp.*, No. 8:17-CV-2020-T-36AEP, 2019 WL 9553066, *10 (M.D. Fla. Sept. 26, 2019) ("Given the delay of the trial, Defendants have an ability to cure any surprise[.]"). The court extended the close of discovery to December 2, 2024. (Doc. 154). Additionally, oral argument on Ms. Morris's motion for class certification is scheduled for October 30, 2024, over two months after Lincare's response that attached the exemplar consent forms. (*See* Docs. 149, 167). These extensions alone render Lincare's alleged error harmless. *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, *5

(11th Cir. Feb. 15, 2024).

Third, there is ample time to prepare before the June 2025 trial, and disruption is unlikely. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1364 (11th Cir. 2008). Fourth, consent is a pivotal aspect of a Telephone Consumer Protection Act case. As such, the consent forms at issue are relevant and important to this case. Fifth, Lincare explains their delayed production was the result of searches for individual patient records to prepare for opposing Ms. Morris's motion for class certification. (Doc. 160, pp. 16, 17). This is plausibly a different search process than what Lincare would have conducted to respond to the court's order for general exemplar consent forms. This explanation shields Lincare from the extreme sanction of striking the consent forms from consideration for the rest of this case. *Rosario v. Lab. Ready Se., Inc.*, No. 14-21496-CIV, 2015 WL 12086099, *3 (S.D. Fla. Aug. 31, 2015); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1164 (11th Cir. 1993) ("[A]n individual's discovery conduct should be found substantially justified under Rule 37 [. . .] if reasonable people could differ as to the appropriateness of the contested action.").

Accordingly, Lincare's late production of these two documents was substantially justified and harmless, and Ms. Morris's motion to strike (Doc. 152) is **DENIED**.

4

**ORDERED** in Tampa, Florida on October 28, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge